UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOE'S LOBSTER MART, INC. and
JOSEPH A. VAUDO,
    Plaintiffs,

CIVIL ACTION
NO. 05- 11256- GAO

v.

FRANCIS DONOVAN, DISTRICT ENGINEER,
U.S. ARMY CORPS OF ENGINEERS, NEW
ENGLAND DISTRICT, COL. THOMAS L. KONING,
U.S. ARMY CORPS OF ENGINEERS,
NEW ENGLAND DISTRICT, LTG. CARL A. STROCK,
CHIEF OF ENGINEERS & COMMANDER,
U.S. ARMY CORPS OF ENGINEERS,
HON. FRANCIS J. HARVEY, SECRETARY OF THE ARMY,
and the UNITED STATES OF AMERICA,
    Defendants.

## PLAINTIFFS' AMENDED COMPLAINT, REQUEST FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

I.    INTRODUCTION

Plaintiff brings this action, seeking declaratory judgment and injunctive relief, to declare the "Invitation to Bid, No. DACW33-9-05-02," purporting to put out for competitive bid the lease for Lot 2 [hereinafter "the Lot"], with bids due by June 21, 2005, at 2:00 p.m., located at the Sandwich Bulkhead of the Cape Cod Canal, which is owned and controlled by the U.S. Army Corps of Engineers [hereinafter "U.S.A.C.E."], as unlawful, and further seeks to enjoin the defendants from proceeding with the competitive bid, because to do so is impracticable, pursuant to 33 C.F.R 211.8(a), and instead affirmatively order the defendants to award the lease to the plaintiffs on a non-competitive basis, at the fair market rental value, as determined by an appraisal. In the first instance, the

1

Invitation to Bid is defective insofar as the cover sheet indicates that bids are due on Tuesday, June 21, 2005, at 2:00 p.m., while the last page of the Invitation indicates that the bids are due by 2:00 p.m. on June 20, 2005 – a glaring discrepancy that renders the Invitation to Bid invalid, and should provide grounds for canceling it if its entirety, and starting anew, if indeed that is warranted.

As further grounds, plaintiffs state that, due to the Town of Sandwich zoning by-laws, *no* business other than Joe's Lobster Mart, Inc. [hereinafter "JLM"] could conduct a business on the site, in accordance with the sample lease terms and the Invitation to Bid, unless such person also purchased JML's building and equipment (and no such person(s) have approached the plaintiffs to do so; See Affidavit of Joseph A. Vaudo). Accordingly, pursuant to 33 C.F.R. 211.18(a), placing the lease for this parcel out for competitive bid, as the defendants seek to do is not practicable. Moreover, the Notice of Availability and Invitation to Bid contains unlawful requirements, purporting to state that the Lot will *not* be leased out by the U.S.A.C.E. after July 14, 2010, in violation of federal appropriations law and the federal Rivers and Harbors Act, which approved the rehabilitation of the Sandwich Bulkhead in the 1986 Fiscal Year, pursuant to P.L. 99-103 and P.L. 99-141, in order, *inter alia*, that retail fish processing plants could continue to business in the Town of Sandwich, which has no other commercial ports other than the Sandwich Bulkhead, as set forth in the Reconnaissance Report justifying the method and cost of rehabilitating the Sandwich Bulkhead.

Moreover, in statements made to plaintiffs' counsel, Mr. Francis Donovan, District Engineer, indicated that he had decided that after July 15, 2010, he intended to offer the property to the Town of Sandwich for lease and use in connection with the Sandwich Marina expansion plan, a plan which has not yet been approved by the U.S.A.C.E., or U.S. Congress, as is required. So, effectively, the defendants evidently have already made plans to lease the Lot on a non-competitive basis, to the Town of Sandwich.

In support of plaintiffs' claims, and by way of precedent, the U.S.A.C.E. awarded the lease for the Lot on a non-competitive basis to the plaintiffs in 2000, for a five year period, set to expire on July 14, 2005, because it was not practicable to put it out for a competitive bid, given the zoning considerations. As set forth in the October 1980 Reconnaissance Report prepared by the U.S. Army Corps of Engineers, in justifying the rehabilitation of the Sandwich Bulkhead, the U.S.A.C.E. stated that, if the Sandwich bulkhead were not rehabilitated as recommended, the loss to the local and regional economy would be staggering:

> The major long range adverse impact involved in either of the alternatives is the socioeconomic impact on the local and regional economy which would occur if the least action alternative [the rip-rap, Scheme 1] was implemented. As part of this alternative the leases involving the three commercial fish plants will be terminated and they will be required to relocate. Since their operations are dependent upon direct access to fishing vessels and _since the bulkhead is the only port in the town of Sandwich, it is likely that the plants will have to relocate outside the town of Sandwich. In addition, due to the present situation with regard to access to commercial offloading facilities within the region, it is likely they will be compelled to relocate off the Cape_. The loss of the plants on leased properties would mean the loss of over 90 percent of the ex-vessel value of fish landed at the port of Sandwich. Based on 1977 and 1978 landings, _this loss would amount to $6.8 to $9.2 million. Taking into consideration the secondary impacts, or the economic activity related to these fish landings, the total loss would be $20.4_

*to $27.6 million per year.* In addition, the fish plants directly employ approximately 30 people who may lose their jobs if the plants relocate.

All the other rehabilitation alternatives will not have this adverse impact on the local and regional economy and will in fact allow expanded utilization by the industry.

See Exhibit 1, Reconnaissance Report, pp. 19-20 (emphasis added).

II.  Facts

1. This Court has jurisdiction pursuant to 28 U.S.C. s. 1346(2), regarding the Invitation to Bid, and has authority to enjoin or declare invalid the Invitation to Bid at issue.

2. Joe's Lobster Mart, Inc., is a Massachusetts corporation duly authorized to do business in the Commonwealth as a fish processing plant, and retail and wholesale fish sales, with a registered office at 298 Route 6A, Sandwich MA 02653, and a mailing address of P.O. Box 248, Sandwich MA 02563.

3. Joseph A. Vaudo is an individual, competent and of legal age, and the president, treasurer, clerk, and director of Joe's Lobster Mart, Inc., with a with a registered office at 298 Route 6A, Sandwich MA 02653, and a mailing address of P.O. Box 248, Sandwich MA 02563.

4. The Secretary of the Army, the Hon. Francis J. Harvey, is charged with control of all Army operations, including those of the U.S. Army Corps of Engineer, and maintains a principal place of business at 1500 Army Pentagon, Washington, DC 20310-1500.

5. Control of U.S Army Corps of Engineers' property is delegated by the Secretary of the Army to the LTG. Carl A. Strock, Chief of Engineers & Commander, U.S. Army Corps of Engineers, U.S. Army Corps of Engineers, Headquarters, 441 G. Street, NW, Washington, DC 20314, who in turn delegates authority regarding the same, in this instance, to Col. Thomas L. Koning, U.S. Army Corps of Engineers, New England District, located at 696 Virginia Road Concord, Massachusetts 01742-2751.

6. Defendant, Mr. Francis Donovan, is the District Engineer for the Sandwich Bulkhead, and maintains a principal place of business at , U.S. Army Corps of Engineers, New England District, located at 696 Virginia Road Concord, Massachusetts 01742-2751.

7. Plaintiffs have maintained a place of business, engaged in fish processing and retail sales of fish and shellfish product at the Sandwich Bulkhead for some 32 years. See Exhibit 2, Affidavit of Joseph A. Vaudo.

8. Lot 2, the lot leased to plaintiffs, consists of just over 16,000 square feet in lot area.

9. JLM has leased Lot 2 from 1985 through the present, in accordance with the two (2) leases attached as Exhibit 3 and 4.

10. The lease from 1990 through 2000, Exhibit 3, was for a ten (10) year period.

11. The lease from 2000 through 2005, Exhibit 4, was awarded on a non-competitive basis to JLM, and is for a five year period, because it was deemed impracticable, pursuant to 33 C.F.R. 211.8(a) that placing the Lot out for competitive bid.

12. Upon information and belief, the current lease was awarded on a non-competitive basis because the current Town of Sandwich zoning by-laws prohibit building on any of the three (3) lots, including Lot 2, because the lots contain only some 16,000 square feet, and zoning now requires a minimum lot area of 20,000 square feet in order to have a buildable lot.

13. Despite the fact that the fair market rental value of Lot 2 in 2000 was only some $17,000, J.L.M. agreed and contracted to pay annual rent in the amount of just under $29,000, a substantial benefit to the U.S.A.C.E.

14. J.L.M. owns the building and all structures located on the Lot, as set forth in the leases, and is required to remove the same in the event of termination of his lease.

15. If he is not awarded the lease for the Lot, and removes all structures he owns thereon, as required by the current lease, no other person would be able to obtain building permits to construct the structures required under the Invitation to Bid and the Sample Lease, because of the zoning restrictions in the Town of Sandwich zoning by-laws, which require a minimum lot area of 20,000 square feet, which the Lot does not contain, effectively rendering it un-buildable. See Exhibit 5, Town of Sandwich Protective Zoning By-Laws, Section 2600.

16. No lessee other the J.L.M. could operate a business in conformance with the requirements of the Invitation to Bid or the Sample Lease, because the Lot is unbuildable.

17. J.L.M. has attempted to negotiate a lease with the U.S.A.C.E. since January 2005, contacting Mr. Donovan on numerous occasions, to no avail, and on May 21, 2005, received notice of the Invitation to Bid on a competitive basis, at which point he cancelled a meeting with Mr. Donovan scheduled for May 23, 2005, which meeting purportedly was to negotiate a lease for the Lot, because it appeared, by issuance of the invitation to bid, that the U.S.A.C.E. had no intention of negotiating in good faith. See Exhibit 2.

18. Unless a prospective bidder also buys J.L.M.'s facilities, equipment, and permits, to the extent that the same are assignable, such bidder would be unable to meet the requirements of the Invitation to Bid and Sample Lease.

19. To date, just seven (7) days before the bids are due, no such person has approached J.L.M. about purchasing his building, equipment and licenses.

20. In the absence of any such agreement, any prospective lessee would be prohibited from erecting any structures on Lot 2, and would be limited to off-loading fish into commercially registered and permitted trucks for transportation of the same to licensed fish processing facilities outside of the Town of Sandwich, because J.L.M. is the only licensed fish processing plant within the Town of Sandwich.

21. By failing to erect a structure of at least 600 square feet, and no greater than 50 feet by 100 feet, any other prospective lessee would be in violation of the terms of the Invitation to Bid and the Sample Lease, as issued by the U.S.A.C.E.

22. If the U.S.A.C.E. wishes to lease property for the purposes set forth above, with no structures, and strictly for the off-loading of fish into commercial trucks for transport to fish processing plants outside of Sandwich, two other lots, Lots 1 and 3, on either side of the Lot leased by J.L.M. are available for such lease.

23. Further, the Invitation to Bid and Sample Lease are defective in that they purport to remove Lot 2 from availability for lease beyond July 15, 2010, violate the federal appropriations laws, which authorized reconstruction of the Sandwich Bulkhead in 1986, in large part base upon the adverse socio-economic impact of failing to do so would have on the local and regional economy, as set forth above, in quoting the October 1980 Reconnaissance Report prepared by the U.S.A.C.E. in support of its request for FY 1986 appropriations for said project.

24. J.L.M. will be irreparably harmed if it is not awarded the lease for Lot 2 for the next five years and after July 15, 2010, in that there are no other commercial ports within the Town of Sandwich, and, given the limited availability of other commercial ports on Cape Cod, in all likelihood, it would be required to re-locate off Cape, with no guaranty of any commercial success, especially in light of the fact that it is the only retail fish processing plant within the Town of Sandwich. See Exhibit 2.

25. The Town of Sandwich would be irreparably harmed if J.L.M. is not awarded the lease through 2010 and thereafter, as it would lose the only local retail fish processing located within the Town of Sandwich, leading to adverse economic repercussions ranging from "$6.8 to $9.2 million. Taking into consideration the secondary impacts, or the economic activity related to these fish landings, the total loss would be $20.4 to $27.6 million per year," as set forth in the October 1980 Reconnaissance Report, Exhibit 1. See Exhibit 2.

26. Furthermore, the Invitation to Bid is invalid insofar as it sets forth two separate dates for the deadline and opening of the bids to be submitted. See Exhibit 6, p. 1 compare p. 8.

27. On or about June 6, 2005, J.L.M. sent the U.S.A.C.E. a proposed lease, a copy of which is attached as Exhibit 6, setting forth the terms of the lease as has been previously awarded to J.L.M. on a non-competitive basis, with the rent established at fair market rental value. This proposed lease was sent together with the letter outlining the problems with the Invitation to Bid, which is attached as Exhibit 7, to which, to date, no response has been received.

28. To date, no response has been received from the U.S.A.C.E. to this proposed lease or letter.

29. On June 16, 2005, J.L.M. submitted a signed lease, in accordance with G.L. c. 186, s. 15D, containing all essential terms, and again offering to lease the property (Lot 2) at fair market rental value.

30. In order for any lessee of the property, Lot 2, to conduct business as called for under the Invitation to Bid and Sample Lease, they would have to have some 7 permits and/or licenses from various federal and state agencies, none of which is set forth in the Invitation to Bid as a pre-requisite to the Lease, and all of which permits J.L.M. has obtained. See Exhibit 8, Letter dated June 6, 2005, to U.S.A.C.E.

31. As a direct and proximate cause of the defendants' negligent acts or omissions, the plaintiffs have been and will be irreparably harmed

unless they are awarded a non-competitive lease for Lot 2, at fair market rental value, and essentially will be put out of business.

III.    Counts

## COUNT I

*Request for Declaratory Judgment*

32. Plaintiffs repeat and reassert the facts set forth in paragraphs 1 through 31, set forth above, and incorporate the same herein by reference as if fully set forth herein, and further state as follows:

33. Under the circumstances, advertising Lot 2 for competitive bid is not practicable, as defined in 33 C.F.R 211.8(a), because no one other than J.L.M. could conduct business as required under the Invitation to Bid and the Sample Lease, unless such other person purchased J.L.M.'S building, equipment, licenses and permits, if assignable. Moreover, the Invitation to Bid is unalterably defective, containing two separate deadlines for the bid opening and submission.

34. To date, just seven (7) days before the deadline for submission of bids, due on June 21, 2005, at 2:00 p.m., no one has approached J.L.M. about purchasing his building, equipment, licenses, permits, etc.

35. Unless the defendants award J.M.L. a non-competitive lease for Lot 2, at fair market rental value, it will be irreparably harmed, and essentially will be put out of business.

WHEREFORE, plaintiffs request that this Court declare that the Invitation to Bid and the Sample Lease are inherently flawed in light of current zoning requirements, which would prevent any lessee, other than J.L.M., from operating a fish processing plant in compliance with the requirements of the Invitation to Bid and the Sample Lease, in addition to the fact that neither the Invitation to Bid nor the Sample Lease require the successful bidder to have the necessary licenses and permits in hand to operate a retail fish processing plant.

## COUNT II

*Request for Injunctive Relief*

36. Plaintiffs repeat and reassert the facts set forth in paragraphs 1 through 35, set forth above, and incorporate the same herein by reference as if fully set forth herein, and further state as follows:

37. 33 C.F.R. 211.8(a) states that "It is the policy of to grant lease to the highest responsible bidders after advertising, *where competition is practicable. ...*"(emphasis added).

38. Under the circumstances relating to Lot 2 and the Town of Sandwich zoning by-laws, it is not practicable to offer the lease of the premises at issue, Lot 2, Sandwich Bulkhead, on a competitive basis, since no person other than J.L.M. is able to meet the requirements of building a structure o at least 600 square feet, and no larger than 50 feet by 100 feet, because the Lot contains less than the 20,000 square feet required under the zoning by-laws for the Town of Sandwich, and thus, unless J.L.M. remains on the site, no other lessee would be able to construct any buildings on the site, and could only operate in compliance with the sample lease requirements of said lessee purchased J.L.M.'s building, equipment, licenses and permits (assuming the same are assignable).

39. As previously noted, to date, less than seven (7) days before the due date for the bids to be submitted, no one has approached J.L.M. regarding purchasing J.L.M.'s building, equipment, licenses and permits to operate a retail fish processing plant. Moreover, the Invitation to Bid is defective, containing two separate dates for the submission and opening of bids.

40. Unless the defendants award J.M.L. a non-competitive lease for Lot 2, at fair market rental value, it will be irreparably harmed, and essentially will be put out of business.

WHEREFORE, plaintiffs request that this Court issue a temporary and preliminary injunction, prohibiting the defendants from proceeding with the Invitation to Bid and the Sample Lease, and to affirmatively order the defendants to award the Lease for Lot 2 to J.L.M. on non-competitive basis, at fair market rental value of the property, and redacting from the Sample Lease the statement that Lot 2 will not be available for leasing after July 15, 2010.

## COUNT III

### *Damages*

41. Plaintiffs repeat and reassert the facts set forth in paragraphs 1 through 40, set forth above, and incorporate the same herein by reference as if fully set forth herein, and further state as follows:

42. If plaintiffs are not awarded the lease for Lot 2, plaintiffs will effectively be put out of business within the Town of Sandwich, as the only commercial port within the Town is located at the Sandwich Bulkhead, and likely will be out of business anywhere on Cape Cod, given the

9

       limited commercial facilities available, as noted in the October 1980 Reconnaissance Report, p.19-20 (Exhibit 1), and would be required to locate off-Cape, which would decimate J.L.M.'s business, which grosses some $3 million per year.

43. This would have residual effects upon local fisherman who sell their fish to J.L.M., and the local socio-economic industry, deemed in 1980 to have potential adverse impacts ranging from "$6.8 to $9.2 million. Taking into consideration the secondary impacts, or the economic activity related to these fish landings, the total loss would be $20.4 to $27.6 million per year," per Exhibit 1, October 1980, Reconnaissance Report.

44. Given the inherent defect in the Invitation to Bid, plaintiff will be irreparably harmed unless this Invitation to Bid is cancelled and the process started over, as the Invitation contains two separate dates for submission and opening of bids, leading to uncertainty and confusion regarding the bidding process.

       WHEREFORE, plaintiffs request judgment in their favor and against the defendants. Together with an award of damages to be determined at trial, together with interest, costs, and attorneys' fees, and such other amounts as this Court deems just and reasonable.

## COUNT IV

*Violation of G.L. c. 186, s. 15D*

45. Plaintiffs repeat and reassert the facts set forth in paragraphs 1 through 44, set forth above, and incorporate the same herein by reference as if fully set forth herein, and further state as follows:

46. On or about June 6, 2005, and again on June 16, 2005, plaintiffs sent to defendants, a proposed lease containing all essential terms, and signed by J.L.M., in accordance with G.L. c. 186, s. 15D, which requires a landlord to accept such lease within thirty (30) days therafter.

47. To date, no such executed lease by the landlord has been received.

       WHEREFORE, plaintiffs request judgment in their favor and against the defendants. Together with an award of damages to be determined at trial, together with interest, costs, and attorneys' fees, and such other amounts as this Court deems just and reasonable.

## COUNT V

*Unfair & Deceptive Business Practices*

48. Plaintiffs repeat and reassert the facts set forth in paragraphs 1 through 47, set forth above, and incorporate the same herein by reference as if fully set forth herein, and further state as follows:

49. Defendants are engaged in the business of managing and leasing real property.

50. Defendants, in seeking to remove Lot 2 from the inventory of leaseable property after July 15, 2010, and in putting the lease for this Lot 2 out for competitive bid, when the same is impracticable because of Town zoning requirements, are and have engaged in unfair and deceptive business practices. Additionally, by setting forth two separate dates for the submission and opening of bids, defendants have committed an unfair and deceptive practice, rendering it uncertain when bids must be submitted.

51. Plaintiffs have been harmed due to the uncertainty created with respect to their 32-year-old business, which will be irreparably harmed if they are not allowed to continue to lease Lot 2, at fair market rental value, for the next ten (10) to fifteen (15) years.

WHEREFORE, plaintiffs request judgment in their favor and against the defendants, together with an award of multiple damages to be determined at trial, together with interest, costs, and attorneys' fees, and such other amounts as this Court deems just and reasonable.

Plaintiffs,

JOE'S LOBSTER MART, INC. and
JOSEPH A. VAUDO,

By their attorney,

Julie C. Molloy    BBO#555176
379 Route 6A
East Sandwich MA 02537
(508) 833-3707

Dated:    June 17, 2005

11